No. 4018

(Court of Appeal, Parish of Orleans.)

## EMILE DOLHONDE vs. ALFRED THIROUX.

1. A defendant in a suit for a partition is called upon to urge all the defenses on which he proposes to rely, and his failure to do so before judgment decreeing the partition, concludes him from afterwards attacking plaintiff's title, the basis of the action in partition. The title to the property sought to be partitioned is the subject matter of the action and the decree in partition is *res adjudicata* as to the title between the parties to the action. 47 An. 660.

2. Article 23 of the Code of Practice, to the effect that "The universal successor, etc., etc., are entitled to the same actions and exceptions as the person whom they succeed," is not intended to restrict the legatee to the answer filed by the party whom he succeeds where the action is one of partition, and therefore, based on title, but he must assert in said proceeding all other defenses that he may have, personal to himself as well as those which could properly have been urged by the one from whom he inherits.

Appeal from Civil District Court, Division C.

P. D. Olivier for plaintiff and appellant.

Walter L. Gleason for defendant and appellant.

ESTOPINAL, J. The issue presented is one of law alone, the parties to the suit being agreed as to the facts which we find from the briefs of counsel to be substantially these:

Louise, Emilie and Delphine Dolhonde widow of Eugene Lemoine, were sisters. On September 13th, 1858, Louise and Emilie purchased together, in indivision, a certain piece of real estate on North Liberty street.

Seven years later, Louise died, leaving a last will and testament, bequeathing thereby only the usufruct of her undivided half of the above mentioned property, the naked ownership descending, according to law, to her brothers and sisters and their children.

Alfred Thiroux, a nephew, accordingly inherited 15-900 of this naked ownership, as heir for one sixth, by representation of his deceased mother.

On November 19th, 1903, Alfred Thiroux purchased at sheriff's sale all the right, title and interest in said property

15

belonging to Emilie Dolhonde, which amounted to 540-900, she having purchased 450-900 with her sister Louise in 1858, and having inherited 90-900 from her said sister Louise. On March 23rd, 1904, Alfred Thiroux, who had, by representation inherited from his aunt Louise, and who had subsequently purchased at sheriff's sale the title and interest belonging to Emilie Dolhonde, instituted suit for a partition against the co-owners who numbered eighteen, and all of whom were duly cited.

Among the co-owners made defendants in said partition suit was Delphine Dolhonde, widow of Eugene Louis Lemoine, who was usufructuary of Louise's half, and who also owned 90-900 of the naked ownership, having inherited same from Louise. Delphine (Widow Lemoine), answered, and issue was joined. Shortly thereafter and before judgment, she died, leaving a will in which Emilie Dolhonde was made her universal legatee.

Emilie Dolhonde accepted the succession of her sister Delphine, and was then duly made a party defendant to the partition proceedings.

On March 12th, 1905, Emilie Dolhonde filed an answer in which she adopts that of Mrs. Lemoine (Delphine). Further answering however, she claims that she is the usufructuary of Louise Lemoine; that one of the heirs has been omitted, and finally she pleads the prescription of thirty years, and claims to be the sole owner as heir of Louise Dolhonde.

On May 29th 1905, there was judgment ordering a partition by licitation, as follows:

"It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff and against the several defendants hereinafter named, recognizing them as owners in indivision of the property hereinafter described, in the proportions following, to-wit :

Alfred Thiroux, five hundred and fifty-five-nine hundredths (555-900). Miss Emilie Dolhonde, ninety-nine hundredths (90-900) "

In the judgment the names and proportion of the other heirs follow, but for the purposes of questions involved herein, need not be repeated here.

The judgment was signed on June 2nd, 1905, and no appeal was taken therefrom.

Before the sale to effect the partition under the judgment aforementioned Emilie Dolhonde brought the present suit against Alfred Thiroux, seeking thereby to annul the sale to him of her interest in said property by the Civil Sheriff, November 19th, 1903, alleging various grounds, among them fraud.

To this suit Alfred Thiroux interposed the plea of res-adjudicata, based upon the judgment rendered in the partition suit, and from which no appeal had been taken.

The plea was sustained by the District Judge, and plaintiff has appealed, or rather, her representative Emilie having died leaving a universal legatee, who has been made a party.

Counsel for plaintiff (appellant), has presented to this Court a very ingenious and plausible argument, but which lacks however, the very important essential of being supported by the law.

Counsel urges that Emilie Dolhonde, when made a party to the partition suit in the place and stead of her sister, could not urge the fraudulent character of plaintiff's title, must adopt the defense set up by her deceased sister, and await the termination of the partition proceedings before instituting a direct action for the annullment of the sheriff's sale to Thiroux in 1903.

We find this argument of plaintiff's to be based on the theory that she being the universal legatee of Mrs. Lemoine, standing in her stead in a suit in which issue had already been joined by the answer filed by the deceased that she could only adopt as her own the answers previously filed, and could not avail herself of a defense peculiar to herself and which the deceased could not have urged.

In comparing the answers filed by the deceased (Mrs Lemoine), and Emilie, her universal legatee, we discover that averments in the latter not only reiterate those in the former, but attack the title of Alfred Thiroux to the property on the ground that she owned the usufruct on it, and she also claimed to be owner by the operation of prescription. This she had not only a perfect right to do, but the jurisprudence as enunciated in the case of Chopin, et als., vs. Union National Bank, makes it absolutely clear that since the question of title is inseparably involved in a partition proceeding, it was her duty to set out at that time all grounds of attack which she might have.

17

The proposition advanced by counsel that Emilie Dolhonde in her answer could claim no more than her de cujes, is without merit. Emilie stood in the place and stead of the deceased, and it was her duty, under the law, to urge all her defenses in the partition proceeding. This seems to have been done to some extent, for plaintiff in the partition suit did attack defendant's title, but it was only after the judgment for partition had become final that it occurred to her that Thiroux's title might be attacked on other grounds.

The Supreme Court has, for the very obvious reason that litigation of this character would be endless unless some time limit or line of demarkation was fixed and, in sustaining a plea of res adjudicata interposed in a case exactly in point with the one at bar (cited above), the Court said:

"The issue tendered by the bank in the partition suit was the title claimed by it under the execution sale. The defendants in that suit, the plaintiffs here, did not attack the title of the bank. They chose to defend on another ground. But none the less they are bound by the partition decree. That closed the controversy as far as the bank's title is concerned. If they could reopen that controversy and urge defenses such as they now present, there would be no end to litigation. In reaching this conclusion we give all the consideration it deserves to the suggestion that, disclaiming heirship in the partition suit, plaintiffs had no interest in raising any issue as to the bank's title. We think the partition suit called on defendants for all the defenses of which the case was susceptible. Certainly, if the bank had no title to demand the partition, that was the most obvious defense. The defendant called on to meet the issue of title is not at liberty to have as many trials as the defenses she may conceive to exist."

Counsel, quoting from Article 23, Code of Practice, upon which he relies, says:

"It is fortunate that the language is plain unambiguous and to the point."

"The universal successors, etc., etc., are entitled to the same actions and exceptions as the person to whom they succeed."

We do not take this to mean that the universal legatee is deprived of the right of urging other defenses that she may have personal to herself as well as those which could properly have been urged by the one from whom she inherits, but on

18

the contrary, she should do so in the partition proceedings and her failure so to do forever estops her from after attacking plaintiff's title.

We discover no error in the judgment appealed from, and it is hereby affirmed.